■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES BRESSETTE, Appellant.— Appeal from a judgment of the County of Albany, rendered December 24, 1970, which resentenced defendant following a conviction for felony murder, to an indeterminate term of from 15 years to the balance of his natural life. On October 11, 1968 appellant entered a plea of guilty to felony murder and was sentenced on October 16, 1968 to an indeterminate term of from 15 years to life. On November 10, 1970 this court ordered a hearing to determine whether appellant had been advised of his right to appeal the judgment of conviction. (*People* v. *Bressette*, 35 A D 2d 750.) At the hearing held on December 24, 1970 the County Court determined that appellant had not been advised of his right to appeal, vacated

appellant's prior sentence, and reimposed the same sentence *nunc pro tunc* to enable appellant to take an appeal. Prior to this resentence, appellant attempted to withdraw his plea of guilty alleging that he was coerced into pleading guilty; that he was persuaded by his lawyer that this was the best thing to do; that his I.Q. was below second grade; and that he had no knowledge of the law at the time. This motion was denied by the County Court. Appellant contends that his plea of guilty on October 11, 1968 was not knowingly and meaningfully entered, and that the denial of his motion to withdraw his plea of guilty without a hearing was an abuse of discretion. " Contrary to appellant's contention, a *coram nobis* hearing held pursuant to *People* v. *Montgomery* (24 N Y 2d 130) and *People* v. *Callaway* (24 N Y 2d 127) is for the limited purpose of determining whether the defendant was entitled to be resentenced *nunc pro tunc* so that his time to appeal would run anew. At such resentencing the defendant cannot attack the trial court's prior finding of guilt. Any attack upon the merits of the conviction must be reserved for the defendant's appeal from the judgment of resentence. The resentencing court properly held that it would not allow appellant to withdraw his plea upon the ground that the plea was coerced, because the resentencing hearing under the rule of *Montgomery* and *Callaway* (*supra*) is not a device for reopening proceedings prior to the adjudication of guilt but merely a device to permit a plenary appeal from that adjudication." (*People* v. *Bennett,* 35 A D 2d 1000, affd. 29 N Y 2d 494.) County Court properly denied appellant's motion to withdraw his plea of guilty. Appellant's contention that his plea of guilty was not knowingly and meaningfully entered appears to be based upon an alleged failure of the County Court to sufficiently inquire as to the voluntariness of appellant's plea of guilty and as to his understanding of the nature of the charge and the effect of his plea. This contention is without merit. Appellant was represented by able assigned counsel and the court fully advised him of the nature of the charge and the effects of his plea of guilty. Appellant admitted that he understood, and that he had committed the crime charged. He also stated that he understood that a plea of guilty is the same as a conviction after trial. In addition, prior to accepting the plea, the court inquired of his counsel whether he was of the opinion that appellant understood the effect of his plea and was advised by counsel that he understood. The record indicates that the trial court, through careful and thorough inquiry, properly protected appellant's rights, and there is no indication that appellant did not knowingly and voluntarily enter his plea. Judgment affirmed. Staley, Jr., J. P., Cooke, Simons, Kane and Reynolds, JJ., concur.